IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CALVIN FRAZIER, | ) | |
| AIS #177281, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-16-MEF |
| | ) | [WO] |
| | ) | |
| CAROLYN GOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, James Calvin Frazier ["Frazier"], a state inmate, alleges false information exists in his prison file on which correctional officials have repeatedly relied to classify him as a restricted offender and challenges the presence of prior youthful offender convictions in his prison file.  Compl. (Doc. No. 1) at 3.  Frazier names Carolyn Golson, Director of Classification for the Alabama Department of Corrections, as the sole defendant in this cause of action.  Am. to the Compl. (Doc. No. 10).  Frazier seeks removal from restricted offender status and reduction of his classification level.  *Id*. at 4.

The defendant filed an answer, special reports and supporting evidentiary materials addressing Frazier's claims for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat the reports filed by the defendant as a motion for summary judgment.  Order of April 27, 2011 (Doc. No. 18).  Thus, this case is now pending on the defendant's

motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's response to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [ – now dispute – ] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word –  genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendant has met her evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the defendant's properly supported motion for summary judgment, Frazier is required

to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in

4

favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the *prima facie* case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates there is no genuine dispute

of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Frazier fails to demonstrate with appropriate evidence a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

### A.  False Information

Frazier alleges the defendant is aware that his prison file contains false information and, despite this knowledge, allows classification specialists to rely on this information to classify him as a restricted offender. Compl. (Doc. No. 1) at 3; Am. to the Compl. (Doc. No. 10). In support of this claim, Frazier contends that information in his pre-sentence report

regarding details underlying his manslaughter conviction and a subsequent arrest for driving under the influence are false.  Compl. (Doc. No. 1) at 3.  He further asserts that a conviction for criminal impersonation is improperly referenced in his criminal history.  *Id.*  Other than his self-serving, conclusory allegations regarding the challenged information, Frazier presents no evidence demonstrating that the information is actually false.

Defendant Golson adamantly denies these allegations and maintains that, to her knowledge, the information utilized in the classification process is true and correct. Specifically, the defendant states she "is not aware of any false information within [Frazier's] institutional file."  Def.'s Ex. D (Aff. of Carolyn Golson) - Court Doc. No. 16-1 at 2.  Golson further advises that she "has not directed or allowed any classification personnel to rely on false information when determining [Frazier's] classification status, nor have I implemented any custom or policy that would allow classification personnel to knowingly rely on false information within an inmate's institutional file."  *Id.* at 1-2.  Thus, the defendant does not admit that information utilized in the classification decision-making process is false and denies any knowing reliance on false information with respect to the decisions at issue.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.  The appellate court carefully distinguished its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons & Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

7

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole board does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. The defendant maintains that the information relied on to classify the plaintiff is true and correct. Moreover, the only evidence before the court demonstrates that classification personnel did not rely on information they knew to be false during any stage of the classification process. Specifically, there is no admission by the defendant that the information utilized in classifying Frazier as a restricted offender is false, incorrect or erroneous. The record in this case is therefore undisputed that classification personnel did not rely on ***admittedly*** false information. In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment

is therefore due to be granted in favor of the defendant.

## B.  Presence of Youthful Offender Convictions in Record

Frazier challenges the presence of youthful offender convictions in his prison file and any potential use of these convictions in the classification process.[2]  Compl. (Doc. No. 1) at 3.  Frazier appears to base this claim on protections afforded by the Due Process Clause and a state statute which, under some circumstances, limits the characterization of such offenses as crimes and prohibits public dissemination of youthful offender records unless otherwise allowed by the court.  This claim, however, provides no basis for relief to Frazier.

1.  <u>State Law</u>.   Under *Ala. Code* § 15-19-7:

> (a) . . . [A determination under the Youthful Offender Act] . . . shall not be deemed a conviction of crime; ***provided, however, that if [the offender] is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered***.
> (b) The fingerprints and photographs and other records of a person adjudged a youthful offender shall not be open to public inspection . . . .

The statute is clear that the proscription on the release of youthful offender records is not absolute as it does not protect for all purposes against the use of information arising from a prior youthful offender adjudication; rather, the statute specifically permits reference to youthful offender convictions if the offender, as in Frazier's case, is subsequently

---

[2] The records before the court demonstrate that on May 18, 1981 a Manatee County, Florida court convicted Frazier of attempted armed robbery and robbery and sentenced Frazier to concurrent sentences of three years incarceration.  The conduct underlying the aforementioned convictions occurred when Frazier was approximately twenty years of age.  Frazier asserts that the Florida court granted him youthful offender status on these convictions which provided the court with additional sentencing options regarding such convictions.

convicted of a criminal offense.  Moreover, the statute merely prohibits the dissemination of youthful offender records for public inspection.  Thus, the statute confers no protected interest in the withholding of youthful offender records from state correctional officials charged with the duty of determining the classification of convicted felons.  Any liberty interest Frazier attempts to premise on state law plainly does not exist.

In addition, it is well settled that consideration of an inmate's entire criminal history when determining whether the inmate should be placed in a lower custody classification does not deny due process as it is rationally related to the legitimate state interest of ensuring that only those inmates best suited for such programs are actually placed therein.  *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988); *cf. United States v. Wilks*, 464 F.3d 1240, 1242 (11th Cir. 2006) ("[P]rior youthful offender convictions under state law may be used as a predicate offense to classify an adult defendant as a career offender under [the federal sentencing guidelines for purposes of sentence enhancement] if the [offender's] youthful offense resulted in an adult conviction [i.e., a conviction for an offense committed at age eighteen or older] and [the offender received] a sentence of more than one year and one month.").  Consequently, use of youthful offender convictions contained in Frazier's prison file to determine his custody status "is not arbitrary and capricious, but reasonable and appropriate."  *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986).

    2. <u>Due Process Protection</u>.  The Due Process Clause of the Fourteenth Amendment

to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." The Supreme Court has identified two circumstances in which a prisoner, an individual already deprived of his liberty in the ordinary sense, can be further deprived of his liberty such that due process is required. "The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 492-93 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital). The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandin*, 515 U.S. at 484; *see, e.g., Wolff v. McDonnell,* 418 U.S. 539, 558 (1974) (prisoners may not be deprived of statutory 'good-time credits' without due process); *cf. Dudley v. Stewart,* 724 F.2d 1493, 1497-98 (11th Cir. 1984) (explaining how the state creates liberty interests). In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999); *Sandin v. Conner*, 515 U.S. 472 483-84 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own

11

force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") (citations omitted).  The Supreme Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under the Due Process Clause.  *Id.* at 484.

As previously determined, the plaintiff has no liberty interest conferred by the state statute applicable to this case.  *Infra* at 10.  An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484; *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).  Because Frazier has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, the defendant is entitled to summary judgment with respect to any claim challenging the process provided Frazier during the classification process.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be GRANTED;

2.  Judgment be GRANTED in favor of the defendant;

3.  This case be dismissed with prejudice; and

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before **February 15, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of February, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

14